IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff / Respondent, ) | |
| ) | |
| v. ) | Case No. 08-10141-01-WEB |
| ) | 10-1118-WEB |
| THOMAS J. FERNANDEZ, ) | |
| ) | |
| Defendant / Petitioner. ) | |

MEMORANDUM AND ORDER

The Defendant, Thomas Fernandez, filed a Motion for Leave to Appeal in Forma Pauperis, (Doc. 167), and a Motion for a Certificate of Appealability. (Doc. 163).

I. History

The Defendant was indicted on numerous drug distribution charges, a firearm charge, and money laundering charges. The Defendant entered into a plea agreement, and pleaded guilty to conspiracy to distribute cocaine, methamphetamine and marijuana, in violation of 21 U.S.C. § 846. The remaining counts of the indictment were dismissed. Fernandez's plea was a result of a Rule 11(c)(1)(C) plea, in which the parties proposed a sentence of 15 years (180 months) imprisonment, followed by three years supervised release. The court accepted the plea, and on April 9, 2009, sentenced Fernandez to 180 months imprisonment. Fernandez did not file a direct appeal. Fernandez filed a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Modify or Correct his sentence. (Doc. 142). Fernandez raised two issues in his Section 2255 motion. First, Fernandez raised numerous arguments in support of a finding of ineffective assistance of counsel. Fernandes also argued the plea agreement was void based on contract principles, as there was no consideration or mutual assent, and the contract was based on fraud and unconscionability. This

court denied the Section 2255 motion, and denied a Certificate of Appealability.

II. Discussion

"A certificate of appealability may issue... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n. 3 (10th Cir. 2004). The Defendant made numerous arguments in support of his ineffective assistance of counsel claim, including: (1) his attorney did not file a motion to suppress the wiretap evidence; (2) his attorney failed to do an investigation or share discovery; (3) his attorney did not file a direct appeal; (4) he was forced into the plea agreement; (5) his attorney did not put him in the best position after the plea, and he should have been advised to enter a plea without an agreement; (6) his attorney did not advise him of the sentencing possibilities; (7) and based on his attorney's conduct, his plea was not voluntary because he did not understand the terms in the agreement.

Fernandez waived his right to file an appeal or motion to vacate in the plea agreement. However, a claim of ineffective assistance of counsel in refusing to file an appeal cannot be waived. See Roe v. Flores-Ortega, 528 U.S. 470, 477, 484-85, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). In United States v. Garrett, 402 F.3d 1262 (10th Cir. 2005), the Court found that even when a defendant waives his right to appeal and collaterally attack his sentence, "the waiver does not foreclose all appellate review of his conviction and sentence." Id. at 1266-67.

Fernandez seeks to appeal this court's ruling on his Section 2255 Motion to Vacate. Fernandez did not include any supporting documentation or argument in support of his motion for a certificate of appealability. Fernandez has not made a substantial showing of a denial of a

constitutional right, nor has he presented any argument that a reasonable jurists would find the court's assessment debatable. Fernandez's request for a certificate of appealability is denied.

The Defendant also requests the court allow him to proceed in forma pauperis. The Defendant provided the necessary paperwork pursuant to Fed. R. App. P. 24(a). A review of the record shows Fernandez originally retained trial counsel, although before the motion hearing and the plea hearing, retained counsel was allowed to withdraw, and then appointed by the Magistrate Judge. Fernandez will be allowed to proceed in forma pauperis.

III. Conclusion

IT IS THEREFORE ORDERED the Defendant's Motion for Leave to Appeal in Forma Pauperis, (Doc. 167) is GRANTED.

IT IS FURTHER ORDERED the Defendant's Motion for a Certificate of Appealability (Doc. 163) is DENIED.

IT IS SO ORDERED on this 30th day of June, 2011.

  s/ Wesley E. Brown
Wesley E. Brown
United States Senior District Court