IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA

      Plaintiff,

v.                                   Case No. 08-10141-01-JTM

THOMAS J. FERNANDEZ,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant's *pro se* Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to United States Sentencing Guideline § 1B1.10 (Dkt. 201). Defendant is not eligible to receive the requested reduction.

**I.    Procedural History**

Defendant pled guilty to conspiracy to distribute controlled substances (cocaine, marijuana, and methamphetamine) in violation of 21 U.S.C. § 846, with reference to section 841(a) and 18 U.S.C. § 2. The statutory maximum sentence for that offense was not more than 20 years imprisonment (240 months), a $1,000,000 fine, at least three years of supervised release, and a $100 mandatory special assessment. Defendant submitted a Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) (Dkt. 89), which proposed a sentence of 15 years in prison (180 months) followed by three years of supervised release, no fine, and the $100 mandatory assessment. Defendant was sentenced on April 9, 2009

pursuant to the plea, which resulted in a sentence that was 60 months below the statutory maximum. (Dkt. 108).

Defendant did not appeal his conviction or sentence, although he filed a Motion to Vacate his sentence under 28 U.S.C. § 2255 on April 15, 2010 (Dkt. 142) that was denied on April 21, 2011 (Dkt. 162). Defendant then appealed the court's denial of his Motion to Vacate, which was dismissed on August 23, 2011. (Dkt. 171). Defendant filed a successive Motion to Vacate on September 28, 2017 (Dkt. 194), which was dismissed on December 21, 2017. (Dkt. 200). Defendant now seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), contending that the United States Supreme Court decision in *Hughes v. United States* entitles him to relief.

## II.     Analysis

18 U.S.C. § 3582(c)(2) allows a district court, in some cases, to modify a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Hughes v. United States* held that section 3582(c)(2) applies even in cases where the defendant has entered an 11(c)(1)(C) plea agreement when the agreement is "based on" the defendant's Guidelines range. __ U.S. __, 138 S.Ct. 1765, 1775 (2018). "[A] sentence imposed pursuant to a Type-C agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Id.*

The *Hughes* Court noted that "[i]n the typical sentencing case there will be no question that the defendant's Guidelines range was a basis for his sentence." *Id.* Nevertheless, the Court recognized that there are cases in which the Guidelines range

2

clearly did not form the basis of the sentence. The Court cites as an example *Koons v. United States*, in which it held the defendants' sentences were not based on subsequently lowered Guidelines ranges because the Guidelines and record made clear the sentencing judge disregarded the Guidelines range in favor of mandatory minimums and substantial assistance factors. *Hughes*, 138 S.Ct. at 1776 (citing *Koons*, __ U.S. __, 138 S.Ct. 1783, 1788-89 (2018)).

The court finds this case to be analogous to *Koons,* in that the Guidelines range did not play a relevant part in the framework the court used to impose the sentence. The Plea Agreement itself indicates that because it was offered under Fed. R. Crim. P. 11(c)(1)(C), the parties did not seek application of the advisory sentencing guidelines. (*See* Dkt. 89, p. 3) (stating "The parties are of the belief that the proposed sentence does not offend the advisory sentencing guidelines, but because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), *the parties are not requesting the imposition of an advisory guideline sentence*") (emphasis added). During the plea hearing, Judge Wesley E. Brown asked defendant's counsel to review and summarize with defendant the important parts of the plea agreement:

> Ms. Morgan: Mr. Fernandez, you understand that as part of your plea agreement that you are pleading guilty to Count 1 of the superseding indictment?
>
> The Defendant: Yes.
>
> Ms. Morgan: And that in exchange for your plea of guilty to the superseding indictment, the Government will dismiss the original indictment as well as the second superseding indictment?
>
> The Defendant: Yeah.

> Ms. Morgan: Okay. Other considerations for this is (sic) that the parties have agreed to a 15-year sentence in prison, right?
>
> The Defendant: Yes.
>
> Ms. Morgan: As well as that to be followed by three years of supervised release for Count 1, and you understand that?
>
> The Defendant: Yes.
>
> Ms. Morgan: Okay. And you understand that *by agreeing to that sort of sentence, that there is no – not going to be an application of the sentencing guidelines in this case*?
>
> The Defendant: Yes.

(Dkt. 155, p. 14-15) (emphasis added).

The Guidelines themselves also make clear that the sentencing court disregarded them in favor of imposing a sentence based upon a mandatory minimum and other factors. Instead of the applicable Guidelines range, the parties to the Plea Agreement "propose[d], as an appropriate disposition of the case, a sentence of 15 years in prison, followed by 3 years of supervised release for Count 1." (Dkt. 89, p. 3). The parties further agreed that defendant would forego any right to present a motion for downward departure or variance, and that the United States would forego any right to present a motion for upward departure or variance. (*Id.*, p. 4).

The maximum statutory sentence for the crime of conviction was 240 months. If the parties had requested a sentence based upon the Guidelines range, the applicable range would have been 360 months – life imprisonment based upon an offense level of 41 and criminal history category III. Assuming defendant was entitled to a guidelines

4

reduction, he would have required, at a minimum, an eight-level reduction in the established base offense level to fall into a guideline range that would allow for a lesser sentence than the 180 months that he received, and either defendant or the United States would have had to request such a downward variance.

The United States Supreme Court has directed that district courts must follow a two-step inquiry to determine whether a reduction is necessary pursuant to 18 U.S.C. Section 3582(c)(2). A court must first determine whether a reduction is consistent with United States Sentencing Guideline Section 1B1.10, and then determine whether the authorized reduction is warranted by the factors set forth in 18 U.S.C. Section 3553(a). *Dillon v. United States*, 560 U.S. 817, 826, 130 S.Ct. 2683 (2010). In this instance, the court need not conduct that inquiry because it finds that defendant's sentence was not "based on" a subsequently lowered guidelines range.

## III. Conclusion

"A federal district court may modify a defendant's sentence only when Congress expressly has authorized it." *United States v. Anderson*, 2019 WL 2085667 at *1 (D. Kan. May 13, 2019) (citing 18 U.S.C. § 3582(c); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)). Although defendant's plea agreement itself does not bar his right to seek a sentence reduction, a review of the record shows that defendant's sentence was not "based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Consequently, the court lacks jurisdiction to grant the relief defendant has requested.

Defendant's Motion for Modification or Reduction of Sentence (Dkt. 201) is therefore DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.

Dated this 12th day of July, 2019.

                                                /s/J. Thomas Marten
                                                THE HONORABLE J. THOMAS MARTEN
                                                UNITED STATES DISTRICT COURT