IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                              Case No. 08-10141-1-JWB

THOMAS J. FERNANDEZ,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for early termination of supervised release. (Doc. 204.) The United States Probation Office and the United States Assistant Attorney have informed the court that they do not contest the motion. For the reasons indicated herein, the motion is GRANTED.

**I. Background and Standard**

Defendant was charged with and pled guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. (Doc. 89.) On April 13, 2009, he was sentenced to 180 months to be followed by a 3-year term of supervised release. (Doc. 108.) Defendant has served 16 months of his supervised release term and now moves for early termination of supervised release.

The court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Courts are also required by 18 U.S.C. § 3583(e) to consider the following factors set

forth in § 3553(a): the nature and circumstances of the offense and the history and characteristics of the defendant; adequate deterrence; protection of the public; the need for effective education, training, care or treatment; the sentencing guideline factors and range in effect at the time of sentencing and any subsequent amendments; the pertinent Sentencing Commission policy statements; the need to avoid unwarranted sentencing disparities between similarly-situated defendants; and the need to provide victim restitution. *United States v. Halcrombe*, No. 12-40030-JAR, 2022 WL 1421560, at *2 (D. Kan. May 5, 2022) (citations omitted); *See also United States v. Fykes*, No. 21-1222, 2022 WL 245516, at *2 (10th Cir. Jan. 27, 2022) (discussing that court is required to consider statutory factors when granting a motion for early termination but that it is unclear whether the statute requires explicit considerations of the factors when denying a motion). Whether to grant a motion to terminate a term of supervised release is a matter of sentencing court discretion. *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

**II. Analysis**

After considering the relevant factors, the court concludes the motion for early termination of supervised release should be granted. Defendant's consistent and positive recent performance on supervised release is commendable and weighs in favor of the motion. Defendant has fully complied with his conditions, has steady employment, and is fully involved in his family's activities. Defendant is a truck driver and would qualify for better routes if he was able to travel freely.

The government does not oppose early termination of supervised release as long as Defendant completes eighteen months of supervised release, which would require Defendant to continue supervised release until September. The court agrees with the government. Although Defendant has been very successful on supervised release, Defendant's criminal conduct in this

case was significant and he served a long sentence. A short period of continued supervised release will allow him to transition into a successful future and provide him with any assistance in the short term. Therefore, the court finds that the statutory factors weigh in favor of terminating supervised release as of September 1, 2022.

### IV. Conclusion

Defendant's Motion for Early Termination of Supervised Release (Doc. 204) is GRANTED. Defendant's term of supervised release is terminated effective September 1, 2022; however, the court reminds Defendant that any violations of his conditions of supervised release that occur prior to that date could result in a revocation of his supervised release, effectively nullifying this order.

IT IS SO ORDERED this 18th day of July 2022.

        ___s/ John W. Broomes_____
        JOHN W. BROOMES
        UNITED STATES DISTRICT JUDGE